AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia



RECEIVED
MAR - 5 2019
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )      Case No. 3:19SW 84
)
Use of a Cell-Site Simulator to Locate the Cellular )
Device Assigned Call Number 804-536-3037 )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Cellular Device Assigned Call Number (804) 536-3037

located in the ____Eastern____ District of ____Virginia____, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B to Affidavit

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☐ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☒ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Section 841(a)(1) | Distribution of controlled substances |

The application is based on these facts:
See attached affidavit.

☒ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

ATF SA Lindsey Bates
*Printed name and title*

Sworn to before me and signed in my presence.

/S/
David J. Novak
United States Magistrate Judge
*Judge's signature*

Date: 03/05/2019

City and state: Richmond, VA          Honorable David J. Novak, U.S. Magistrate Judge
*Printed name and title*



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| IN THE MATTER OF THE USE OF A CELL-SITE SIMULATOR TO LOCATE THE CELLULAR DEVICE ASSIGNED CALL NUMBERS (804) 720-1734, (804) 536-3037, and (804) 892-7160 | Case No. 3:19 SW 83 / 3:19 SW 84 / 3:19 SW 85<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Lindsey Bates, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic investigative technique, which is described in Attachment B, to determine the location of the cellular device assigned call numbers (804) 720-1734, (804) 536-3037, and (804) 892-7160, (the "**TARGET CELLULAR DEVICES**"), which are described in Attachment A.

2. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been since March 2014. I am a graduate of the Federal Law Enforcement Training Center (FLETC) and the ATF Special Agent Basic Training Academy. I received specialized training concerning violations of the Gun Control Act within Title 18 and the National Firearms Act within Title 26, of the United States Code pursuant to firearms violations. I am a duly sworn agent who is authorized to carry firearms, execute warrants, and make arrests for offenses against the Unites States and to perform such other duties as authorized by law. Prior to joining the ATF, I was a police officer and detective with the Richmond,

Virginia Police Department for seven years, which included two years as a detective with the department's Special Investigations Division, Narcotics Unit.

3. I have participated in the preparation and execution of numerous arrest and search warrants for criminal offenses involving the possession with the intent to distribute controlled substances and illegal possession of firearms. I am familiar with the methods drug traffickers use to conduct their illegal activities, to include communication methods, vehicles, text messaging, and narcotics transactions. I received specialized training in narcotics identification, detection, and trafficking, as well as participated in multiple narcotics distribution interdiction assignments with state and local law enforcement jurisdictions.

4. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 21, United States Code, Section 841(a)(1) (distribution of controlled substances) have been committed by Armon LEE and Tyrell ALLEN, and violation(s) of Title 18, United States Code, Section 922(d)(1) (sell/dispose of firearm to a convicted felon) have been committed by Autrelle WADDELL. There is also probable cause to believe that the location of the **TARGET CELLULAR DEVICES** will assist law enforcement officers in locating ARMON LEE, TYRELL ALLEN, and AUTRELLE WADDELL, who are currently named in a sealed federal indictment obtained in EDVA on March 5, 2019.

5. There is also probable cause to search the information described in Attachment A for evidence, instrumentalities, contraband, or fruits of these crimes as further described in Attachment B. The purpose for applying for this warrant is to determine the precise location of the **TARGET CELLULAR DEVICES**. Based on information gathered over the course of this investigation, there is reason to believe that Armon LEE, Tyrell ALLEN, and Autrelle WADDELL are the users of the **TARGET CELLULAR DEVICES** and are primarily located in the Eastern

District of Virginia (EDVA). Pursuant to Rule 41(b)(2), law enforcement may locate the **TARGET CELLULAR DEVICES** outside the district provided the device is within the district when the warrant is issued.

6. Based on the facts set forth in this affidavit, there is probable cause to believe that ARMON LEE, TYRELL ALLEN, and AUTRELLE WADDELL, the users of the **TARGET CELLULAR DEVICES,** are involved in the distribution of crack cocaine, in violation of Title 21, United States Code, Section 841(a)(1), and selling/disposing of a firearm to a convicted felon, in violation of Title 18, United States Code, Section 922(d)(1).

7. There is also probable cause to believe that the location of the **TARGET CELLULAR DEVICES** will constitute evidence of those criminal violations, including leading to the identification of individuals who are engaged in the commission of these offenses and identifying locations where the target engages in criminal activity.

8. Because collecting the information authorized by this warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), this warrant is designed to comply with the Pen Register Statute as well as Rule 41. See 18 U.S.C. §§ 3121-3127. This warrant therefore includes all the information required to be included in a pen register order. See 18 U.S.C. § 3123(b)(1).

## PROBABLE CAUSE

| Target Cellular Device | Target Defendant | Service Provider |
|---|---|---|
| #1- (804) 720-1734 | Armon LEE | Verizon Wireless |
| #2- (804) 536-3037 | Tyrell ALLEN | AT&T Mobility |
| #3- (804) 892-7160 | Autrelle WADDELL | Verizon Wireless |

9. In August of 2017, the ATF received information on a violent criminal street gang, identified as "High Society" that was operating within the "Heights" section of Petersburg, Virginia. Furthermore, information was given to the ATF that High Society, also identified with the acronym H$2X (pronounced "H – S – 2-Times"), was engaged in a pattern of violence, within the City of Petersburg, that included narcotics trafficking, illegal firearms trafficking, robberies, shootings, and homicides. Through open source intelligence queries of Facebook and YouTube, in conjunction with information received from the Bureau of Petersburg Police's Special Investigations Unit (SIU), many gang members were identified and documented accordingly. Due to the increase in violent criminal acts associated with members of High Society, the ATF opened an active case on the gang. On March 5, 2019, a Grand Jury in the EDVA issued a sealed federal indictment for ARMON LEE and TYRELL ALLEN in trafficking narcotics, and also issued a sealed federal indictment for AUTRELLE WADDELL for firearms offenses.

10. Investigating agents have established ARMON LEE as the primary user of the **TARGET CELLULAR DEVICE #1**. On February 19, 2019, at approximately 13:32 hrs, an ATF confidential informant placed a recorded telephone call to Armon LEE on **TARGET**

**CELLULAR DEVICE #1**, where LEE answered the phone and a conversation ensued. During the conversation, the informant asks, "where Keem at?" (meaning Arkeem LEE, who is Armon LEE's brother). Armon LEE responds with, "well right now, he is working for my dad." Further, during the timeframe of 02/01/2019 through 02/28/2019, the ATF confidential informant and Armon LEE, using **TARGET CELLULAR DEVICE #1**, have sent and received approximately 145 text messages.

11. Investigating agents have established TYRELL ALLEN, AKA "RELL RELL", as the primary user of the **TARGET CELLULAR DEVICE #2**. On April 13, 2018, at approximately 12:29 hrs, an ATF confidential informant placed a recorded telephone call to Tyrell ALLEN on **TARGET CELLULAR DEVICE #2**, where ALLEN answered the phone and said, "Hello?" The informant states, "Rell Rell?" and ALLEN responds with "yea." Further, the ATF confidential informant has contacted ALLEN on **TARGET CELLULAR DEVICE #2** to order up quantities of crack cocaine (four controlled purchases) during the timeframe of April 17, 2018 through May 10, 2018. Subscriber information as of 02/19/2019 for **TARGET CELLULAR DEVICE #2** comes back to Accel Talent and Development group, with a contact name of Pamela ALLEN. Through a search of law enforcement databases, it was revealed that Pamela ALLEN is the mother of Tyrell ALLEN.

12. Investigating agents have established AUTRELLE WADDELL as the primary user of the **TARGET CELLULAR DEVICE #3**. On January 5, 2019, at approximately 18:06 hrs, an ATF confidential informant placed a recorded telephone call to Autrelle WADDELL who answered using **TARGET CELLULAR DEVICE #3**. During conversation, the informant states, "Also, you know that thing....I don't like talking crazy on the phone, but you know that thing your

daddy took from you?" WADDELL then stated, "He took from me? Ain't nothing get took from me, baby. Go ahead, I know what you talking about. I'm listening, I'm with you." The informant then states, "Yea, I want to get some of that. I don't know what day though." WADDELL then states, "Well whenever you're ready, just let me know, alright?" This conversation was in reference to a controlled narcotics purchase attempt, where the informant was planning to purchase a quantity of narcotics from WADDELL, but was told by another co-conspirator that the deal could not go through because WADDELL's father (Miles JOHNSON), had taken the quantity and it wasn't available.

## MANNER OF EXECUTION

13. In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending, or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular device's unique identifiers.

14. To facilitate execution of this warrant, law enforcement may use an investigative device or devices capable of broadcasting signals that will be received by the **TARGET CELLULAR DEVICES** or receiving signals from nearby cellular devices, including the **TARGET CELLULAR DEVICES**. Such a device may function in some respects like a cellular tower, except that it will not be connected to the cellular network and cannot be used by a cell phone to communicate with others. The device may send a signal to the **TARGET CELLULAR DEVICES** and thereby prompt it to send signals that include the unique identifier of the device. Law enforcement may monitor the signals broadcast by the **TARGET CELLULAR DEVICES**

and use that information to determine the **TARGET CELLULAR DEVICES'** location, even if it is located inside a house, apartment, or other building.

15. The investigative device may interrupt cellular service of phones or other cellular devices within its immediate vicinity. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the **TARGET CELLULAR DEVICES**, the device may briefly exchange signals with all phones or other cellular devices in its vicinity. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the **TARGET CELLULAR DEVICES**, and law enforcement will limit collection of information from devices other than the **TARGET CELLULAR DEVICES**. To the extent that any information from a cellular device other than the **TARGET CELLULAR DEVICES** is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing the **TARGET CELLULAR DEVICES** from all other cellular devices.

## **AUTHORIZATION REQUEST**

16. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41. The proposed warrant also will function as a pen register order under 18 U.S.C. § 3123.

17. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days from the end of the period of authorized surveillance. This delay is justified because there

is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the **TARGET CELLULAR DEVICES** would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and [continue to] flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). There is reasonable necessity for the use of the technique described above, for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

18. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the **TARGET CELLULAR DEVICES** outside of daytime hours.

19. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

20. A search warrant may not be legally necessary to compel the investigative technique described herein. Nevertheless, I hereby submit this warrant application out of an abundance of caution.

Respectfully submitted,

Lindsey Bates
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Subscribed and sworn to before me

On: March 5, 2019

/S/
David J. Novak
United States Magistrate Judge

9

## **ATTACHMENT A**

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the **TARGET CELLULAR DEVICES** assigned phone numbers (804) 720-1734, (804) 536-3037, and (804) 892-7160.

## **ATTACHMENT B**

Pursuant to an investigation of ARMON LEE and TYRELL ALLEN, for a violation of distribution of crack cocaine, in violation of 21 U.S.C § § 841(a)(1), and AUTRELLE WADDELL for a violation of selling/disposing of a firearm to a convicted felon, in violation of 18 U.S.C § § 922(d)(1), this Warrant authorizes the officers to whom it is directed to determine the location of the cellular devices identified in Attachment A by collecting and examining:

1. radio signals emitted by the **TARGET CELLULAR DEVICES** for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and

2. radio signals emitted by the **TARGET CELLULAR DEVICES** in response to radio signals sent to the cellular device by the officers;

for a period of 30 days, during all times of day and night. This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).